IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEE WARD, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DICKINSON FINANCIAL CORP. II, INC., DICKINSON FINANCIAL CORP., BANK MIDWEST, N.A., ARMED FORCES BANK, N.A., ACADEMY BANK, N.A., ARMED FORCES BANK OF CALIFORNIA, N.A., SOUTHERN COMMERCE BANK, N.A., SUNBANK, N.A., and FISERV, INC.,<br><br>    Defendants. | Civil Action No. 7:14-CV-8 (HL) |

**ORDER**

This case is before the Court on Plaintiff's Motion to Strike or, in the alternative, Motion for Leave to File Reply. (Doc. 63). On October 9, 2014, the Court held a hearing on Defendants' pending motions to dismiss. During the course of the proceedings, the Court inquired about Plaintiff's claim that Defendant SunBank charged fees on Plaintiff's deposits and asked Plaintiff to provide an illustration. At the time, Plaintiff was unable to produce a bank statement that demonstrated an instance where SunBank assessed a fee on a deposit made by Plaintiff. Out of interest about how Plaintiff arrived at this particular allegation, the Court requested that Plaintiff provide a brief submission

to the Court further illuminating the fees on deposit claim along with sample account statements highlighting particular occasions when these fees transpired. The Court granted Defendants the opportunity to reply.

On October 14, 2014, Plaintiff filed a Notice of Submission, consisting of a six page memorandum and seventy-nine pages of account statements. In his submission, Plaintiff set out to explain not only the allegation that SunBank charged fees on deposit but also identified instances when the bank charged fees against Plaintiff's account on other occasions.

In response, Defendants filed a fifteen page brief, the majority of which was dedicated to responding to the matter of fees on deposit. Defendants also briefly addressed several other issues that arose during the course of the hearing, including several cases previously uncited by Plaintiff pertaining to certain applicable statutes of limitation and the matter of whether one of the named Defendants, Bank Midwest, N.A., had either been properly served or had acknowledged service. Defendants then briefly reiterated their overall position on the outstanding motions to dismiss.

Plaintiff now moves to strike Defendants' response or, in the alternative, for leave to file a reply. Plaintiff attempts to characterize Defendants' response brief as an impermissible sur-reply brief, for which Defendants did not obtain leave to file as required by Local Rule 7.3.1 and argues that the Court should not consider Defendants' response. The Court disagrees with Plaintiff's assessment of

2

Defendant's submission as being so wildly outside the scope of either Plaintiff's memorandum or the confines of the issues presented at the hearing that the Court now should strike Defendant's brief. At the conclusion of the hearing on Defendants' motions to dismiss, the Court requested additional information from Plaintiff to satisfy a question of fact. Between the original submission requested by the Court and now Plaintiff's pending motion, the Court has been provided with sufficient information on all matters. No further briefing is necessary, nor does the Court find that additional argument would be helpful in resolving the pending motions to dismiss.

As a result of this determination, Plaintiff's [63] Motion to Strike, Motion to File Reply is hereby denied.

**SO ORDERED** this 13th day of November, 2014.

<u>*s/ Hugh Lawson*</u>
**HUGH LAWSON, SENIOR JUDGE**

aks